NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VILMA VERONICA MARTINEZ,<br><br>    Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>    Respondent. | No.    15-70095<br><br>Agency No. A200-605-910<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020**

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Vilma Veronica Martinez, a native and citizen of El Salvador, petitions pro

se for review of the Board of Immigration Appeals' order dismissing her appeal

from an immigration judge's decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Ren v. Holde*r, 648 F.3d 1079, 1083-84 (9th Cir. 2011). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and grant in part the petition for review, and we remand.

Martinez's contentions that the agency violated her due process rights fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Substantial evidence does not support the agency's adverse credibility determination based on unresponsive testimony, Martinez's voluntary return to El Salvador in 2010, and an inconsistency between Martinez's testimony and credible fear interview regarding reporting to police. *See Ren*, 648 F.3d at 1085-89 (credibility findings not supported by the record). Further, the agency failed to address all explanations given by Martinez as to the inconsistency between Martinez's testimony and credible fear interview regarding the harm she claimed she experienced. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (explaining that the agency must provide a specific and cogent reason for rejecting a petitioner's explanation if it is "reasonable and plausible"); *see also Zhi v. Holder*, 751 F.3d 1088, 1092-93 (9th Cir. 2014) (IJ must consider and address all plausible and reasonable explanations). Thus, we grant the petition for review as

15-70095

to Martinez's asylum, withholding of removal, and CAT claims, and we remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *see also Soto-Olarte v. Holder*, 555 F.3d 1089, 1095 (9th Cir. 2009).

We do not reach Martinez's contentions regarding the merits of her asylum, withholding of removal, and CAT claims. *See Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1189 (9th Cir. 2005) ("We may affirm the [agency] only on grounds set forth in the opinion under review.").

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**